SAMUEL POSNER and ELIAS POSNER, trading as POSNER BROTHERS *vs.* WILLIAM H. BAYLESS, Trustee.

*How letters of Attorney are to be construed—Redeemable ground rent—Mortgage—Question whether a Power of Attorney to Borrow on Mortgage, authorizes the creation of a Redeemable ground rent—Form and execution of Deed made under Power of attorney—Act of 1856, ch. 154, sec. 23, (Code, Art. 24, sec. 27.)*

The rule that the authority conferred by a letter of attorney must be strictly pursued, cannot override the general and cardinal rule, that the intention of the party creating the power must prevail in its construction, and that such intention is to be ascertained from the language employed, and the object to be accomplished.

The instrument moreover must be read in the light of such surrounding circumstances as Courts always consider when called upon to construe any written contract.

A ground rent redeemable at a definite future period, has most of the essential features of, and is practically nothing more than a mortgage to secure a principal sum, the interest of which is placed in the form of an annual rent.

A foreign owner of real estate in Baltimore, and his wife, executed a power of attorney to their son, authorizing him " to *sell, transfer and assign* unto any person or persons whatsoever, and for such price as our attorney shall think fit, all or any property of whatever description held or owned by us, or either of us, in the said City of Baltimore, or in his discretion, *to borrow money in his own or our names, and to pledge said property by way of mortgage* to secure the repayment of the same, and interest thereon," and giving him the power to execute all deeds or other instruments necessary to carry out the power given. Under this power the son borrowed money on the property, by conveying it in fee to the lender, and taking back a redeemable lease at a rent equal to the interest on the loan. The deed of conveyance on its face purported to be made by M. B. and C. B. his wife, acting by their attorney in fact L. Z. B., and was signed "M. B., [seal,] by his attorney L. Z. B.; C. B., [seal,] by her attorney L. Z. B." HELD:

1st. That the borrowing of the money, and pledging the property for its payment by the means adopted, was within the scope and warrant of the terms of the power of attorney.

2nd. That the deed to the lender was executed in strict conformity with the requirements of the common law, being executed in the names of the principals, and as the act of the parties giving the authority.

3rd. That there was nothing in the Act of 1856, ch. 154, (sec. 27, Art. 24 of the Code,) which in terms abolished the previously existing mode of executing instruments under powers of attorney, and in the absence of such express prohibition, the common law form, as well as that authorized by the statute, might be, (as in practice it had been) still used.

4th. That the deed made under the power of attorney in this case, was a valid and effective conveyance of the property therein described.

5th. That a conveyance made as the statutory provision directs, and in the form adopted in the case of *Land Co. vs. Doll,* 35 *Md.,* 89, was equally valid and effective with one made according to the common law form.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, STONE, ALVEY, and IRVING, J.

*M. R. Walter,* for the appellants.

*Orlando F. Bump,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The appellants having become purchasers at trustee's sale of certain leasehold property in the City of Baltimore, sold under a mortgage of the same by Luke Z. Barrett to Thomas S. Hughes, dated the 22nd of September, 1880, filed an exception to the ratification of the sale upon the ground that Barrett had no title to the property

when he executed this mortgage. The facts upon which this exception is founded are as follows:—

The property was purchased in 1834 by Maurice Barrett, and on the 15th of April, 1880, he and his wife, residing in the County of Galway, Ireland, gave a power of attorney to their son, Luke Z. Barrett, of Baltimore, by which they constituted him "our true and lawful attorney, for us, and for each of us, and for our proper use and benefit, and also for the use and benefit of each of us severally, to *sell, transfer and assign* unto any person or persons whatsoever, and for such price as our attorney shall think fit, all or any property of whatsoever description held or owned by us, or either of us, in the said City of Baltimore, or in his discretion, *to borrow money in his own or our names, and to pledge said property by way of mortgage* to secure the repayment of the same, and interest thereon, or in our name *to lease* said property, or any of it upon such terms and upon such conditions and times as our said attorney may determine. And also for us, and in our names, to make, sign, seal, execute and deliver all deeds or acts of conveyance that may be necessary, to sell and convey, assign, mortgage or lease said property, or any part of it, and to receive and give acquittance for the purchase money thereon, or the money which may be borrowed thereon, or the rents thereof."

On the 12th of May, 1880, the property was conveyed to Eliza H. Bealmear in fee for the consideration of $3333.33. The deed of conveyance upon its face purports to be made "by Maurice Barrett, and Catharine Barrett his wife, acting by their attorney in fact Luke Z. Barrett, under and by virtue of a power of attorney dated the fifteenth day of April, 1880, and hereunto annexed and recorded herewith," and it was signed—

"MAURICE BARRETT,        [Seal.]
    "*By his attorney, Luke Z. Barrett.*
"CATHARINE BARRETT,        [Seal.]
    "*By her attorney, Luke Z. Barrett.*"

And Luke Z. Barrett, by virtue of the power of attorney, acknowledged the deed "to be the act of the said Maurice Barrett, and Catharine Barrett, his wife, and each of their acts respectively."

On the same day Mrs. Bealmear executed a lease of the same property to Luke Z. Barrett for ninety-nine years, renewable forever, reserving an annual rent of $200, with the privilege to the lessee of *redeeming* the same at any time during the year commencing on the 1st of May, 1885, and ending on the 1st of May, 1886, but not afterwards, upon payment of the sum of $3333.33, and all arrearages of rent due at the time of payment.

Both these deeds were recorded at the same time, and, as appears by the oral testimony taken in the case, were executed for the purpose of enabling the parties to create this redeemable ground rent upon the property, in order to secure a loan of $3333.33, made by Mrs. Bealmer to Luke Z. Barrett. In the following September, Barrett, the lessee, mortgaged his interest in the property to Hughes, to secure a loan of $800, and it was under this mortgage that the sale in controversy was made. The two principal grounds upon which the purchasers resist confirmation of this sale and deny the title of the mortgagor are:

1st. That the power of attorney did not authorize the execution of the conveyances by which this ground-rent was created.

2nd. That even if such conveyances be within the scope of the power, still the deed to Mrs. Bealmear was not executed in accordance with *sec.* 27, *of Art.* 24, *of the Code.*

*First.* As to the first of these propositions, it is contended on the part of the appellants, that all powers of attorney must receive a strict interpretation, that the authority is never extended by intendment or construction beyond that which is given in terms, or is absolutely

Posner Brothers *vs.* Bayless, Trustee.

necessary for carrying the authority into effect, and hence the power in this case to borrow money and pledge the property therefor by way of *mortgage*, authorizes merely a strict formal mortgage, and sanctions no other form of security, and a pledge of no other description. But the rule that the authority conferred by a letter of attorney must be strictly pursued, cannot override the general and cardinal rule, that the intention of the party creating the power must prevail in its construction, and that such intention is to be ascertained from the language employed, and the object to be accomplished. The instrument, moreover, must be read in the light of such surrounding circumstances as Courts always consider when called upon to construe any written contract. Here, parents, living in a foreign country, give to their son residing in Baltimore a power of attorney in respect to their property in that city, couched in the broadest and most comprehensive terms, amounting almost to a gift of the property to the son. He is clothed with power to *sell* it for such price as he may think fit, to *lease* it for such time and upon such conditions as he may determine, or in his discretion to *borrow money* in his *own name*, and to pledge the property *by way of* mortgage, to secure its repayment. The property is situated in a city where a redeemable ground-rent is a common and ordinary form of securing a loan of money. In fact a ground-rent redeemable at a definite future period has most of the essential features of, and is practically nothing more than, a mortgage to secure a principal sum, the interest of which is placed in the form of an annual rent. In short, similar conveyances under a like state of facts were declared by this Court in the recent case of *Montague vs. Sewell*, 57 *Md.*, 407, to be "in substance and effect but little more than a mortgage," and we are all clearly of opinion, the borrowing of this money from Mrs. Bealmear, and pledging the property for its repayment by the means adopted, was within the

scope, and warranted by the terms, of this power of attorney.

*Second.* As to the second proposition it is clear that the deed to Mrs. Bealmear was executed in strict conformity with the requirements of the common law. It was executed in the names of the principals and as the act of the parties giving the authority. By the second resolution in *Combe's Case,* 9 *Coke,* 76 *b,* it was resolved that "when any has authority as attorney to do any act, he ought to do it in his name who gives the authority, for he appoints the attorney to be in his place and to represent his person; and, therefore, the attorney cannot do it in his own name, nor as his proper act, but in the name and as the act of him who gives the authority." The question then is, has this mode of executing deeds or other instruments under seal, by virtue of a power of attorney, been *abrogated and made void by* section 27 of Article 24 of the Code?

This section, which is a codification of section 23 of the Act of 1856, ch. 154, simply provides that "any person executing a deed, conveying real estate as agent or attorney for another, shall describe himself in and sign the deed as agent or attorney. In the case of the *Land Co. vs. Doll,* 35 *Md.,* 89, an exception was taken to the admissibility in evidence of a deed of real estate to Doll from Mr. Urner under powers of attorney from Floeckher and Castle. That deed upon its face purported to be made "by Milton G. Urner, attorney," by virtue of certain powers of attorney therein referred to. It was signed "Milton G. Urner, attorney, [seal,]" and in the certificate of acknowledgment it is stated that "Milton G. Urner, attorney, appeared and acknowledged the aforegoing deed to be his act." In disposing of this exception the Court rejected the deed upon other grounds, but said: "The deed professes to be made by 'Urner under and by virtue of powers of attorney from Floeckher and Castle.' Urner is described in, and has signed the deed as attorney, as directed by

section 27, of Article 24, of the Code." Assuming this to be an authoritative decision that a deed, good in other respects, executed since the Act of 1856, in the form pursued in that case, is a valid conveyance, still we find nothing in the section referred to which *prohibits* or makes ineffectual a deed executed according to the requirements of the common law and in the form adopted in the present case. There is nothing in the statute which, in terms, abolishes the previously existing mode of executing such instruments, and in the absence of such express prohibition we hold that the common law form, as well as that authorized by the statute, may be (as in practice it has been) still used. In fact a decision determining that this, since the passage of the Act of 1856, is an ineffectual mode of conveyancing, would disturb titles to real estate to a very great and alarming extent, and as we find nothing in the Act absolutely requiring such a construction to 'be placed upon it, we have no difficulty in holding the deed in question to be a valid and effective conveyance of the property to Mrs. Bealmear. In deciding, however, that a deed executed in the common law form, as in this case, is valid and effective; we are not to be understood as determining that a conveyance made and executed in the mode authorized by the 23rd section of the Act of 1856, ch. 154, (codified in section 27, Article 24, of the Code,) is invalid. On the contrary, we are of opinion, and expressly so declare and decide, that a conveyance made as this statutory provision directs and authorizes, and in the form adopted in *Doll's Case* is equally valid and effective with one made according to the common law form.

It follows from what we have thus said, that the order appealed from, which overrules the exceptions and ratifies the sale, must be affirmed.

*Order affirmed, and*
*cause remanded.*

(Decided 13th July, 1882.)