(Decided 15th March, 1893.)

----

# John Tolly Worthington *vs.* Edward N. Rich, Trustee.

### *Construction of Deed of Trust—Power reserved of Disposition by Will.*

W. made a conveyance to his mother of certain real and personal property in trust, whereby the trustee was authorized to collect the rents and income from the trust estate, and pay over the net income to said grantor for his own use and benefit, free

from liability for his debts. The grantor reserved to himself the power to dispose of the trust property by will, and the deed declared that the trusts thereby created should cease from and after the death of the grantor. The trustee named in the deed died, and by proceedings in equity R. was substituted trustee in her place, and the Court assumed jurisdiction of the trust. Subsequently a petition was filed by the grantor asking that the substituted trustee be authorized to deliver to him certain bonds constituting part of the trust estate, to be applied by him to the payment of his debts, he tendering himself ready to stipulate by contract irrevocable with the trustee against any disposition by will of said bonds. With the petition, was filed an agreement under the hands and seals of the sister, and the son of a deceased sister of the grantor, who were his only next-of-kin, agreeing that said bonds be delivered to the grantor as requested by him, and that the said trustee should be in no manner liable for the said bonds or the proceeds thereof; it having been agreed by the grantor, and as a condition precedent to the signing of said agreement that all the other trust property should remain in trust. HELD:

1st. That as it was impossible to ascertain who might be legally entitled to claim the bonds should the grantor survive his sister and nephew, and then die intestate, the agreement proposed to be executed by them would be a very uncertain and unsatisfactory protection to the trustee, even supposing the grantor could execute a valid irrevocable contract not to dispose of the bonds by will.

2nd. That as it was clear from the language used in the deed, that the grantor intended to convey in trust all the property mentioned in the deed, and to strip himself of all right of disposing of the same except by will, the proposed transfer would clearly be in violation of the deed and of the power.

3rd. That so long as the deed stands the trust estate must remain undisposed of by the grantor, and when, by his death, the trust ends, the property, if disposed of at all by him, must be by will.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted on briefs, to ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, McSHERRY, and BRISCOE, J.

*D. G. McIntosh*, for the appellant.

*William S. Bryan, Jr.*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

The appellant conveyed to his mother certain real and personal property, to hold the same in *trust*, first, to apply certain bonds, or the proceeds thereof, to the payment of his debts, and the balance of such proceeds to pay over to him for his own use. Second, during the natural life of the grantor, the trustee was authorized to collect the rents and income from the trust estate, and, after the payment by her of all necessary charges, the net income was to be paid to said grantor for his own use and benefit, not subject or liable, however, to his debts. The trustee was authorized to sell the trust property in whole or in part, and invest the proceeds for the use and benefit of the grantor, subject to the trusts declared in said deed. The grantor reserves to himself the power to dispose of the trust property by will; and the deed declares that the trusts thereby created shall cease from and after the death of the grantor.

The trustee named in the deed, who was the mother of the grantor, died, and by proper proceedings in the Circuit Court for Baltimore County the appellee, Mr. Edward N. Rich, was substituted as trustee in her place, and the Court assumed jurisdiction of the trust.

Subsequently the grantor, who as we have seen, is the only beneficiary named in said deed, applied to the trustee, Mr. Rich, to have $8,000 of bonds, which constituted part of the trust estate, delivered to said grantor, to be applied by him to the payment of his debts.

Worthington *vs.* Rich, Trustee.

The trustee not being willing to assume the responsibility of acting without the sanction of the Court, a petition was filed by the grantor, asking for an order authorizing the transfer of the bonds as requested by him. In this petition the provisions of the deed of trust already mentioned are set out, and it is alleged that, in case of the death of the grantor intestate, the trust estate, including the bonds, would go to his heirs-at-law and next-of-kin—a sister and a son of a deceased sister,— and that they had assented to the proposed transfer of the bonds to the grantor. The grantor also, in his petition tenders himself ready to stipulate by contract irrevocable with the trustee against any disposition by will of the bonds referred to, and his next-of-kin, the two persons above mentioned, filed with the petition an agreement under their hands and seals, agreeing that said bonds may be delivered to the grantor as requested by him, and that the said trustee shall in no manner be liable for the said bonds or the proceeds thereof; it having been agreed by the grantor, and as a condition precedent to the signing of the foregoing agreement, that all the other trust property shall remain in *trust*, subject to all the trusts in said deed declared. The trustee, Mr. Rich, answered this petition, admitting all the facts set forth therein, and especially that the said sister and son of a deceased sister are the only heirs-at-law and next-of-kin of the grantor, and declares himself ready to deliver said bonds to the grantor on the condition mentioned in the petition; if the Court should determine that he will, in so doing, be fully protected thereby.

The Court below, however, by a *pro forma* order dismissed the petition, and the grantor has appealed.

Inasmuch as the appellant has disclaimed any intention to impeach the deed of trust by these proceedings, we do not think it proper to do more than determine whether, under the circumstances above set forth, the

trustee may, with safety to himself and his sureties, transfer the bonds in question to the appellant—the deed of trust, of course, remaining in full force as to the remainder of the trust estate.

The object of the appellant is certainly to be commended—the application here considered having been made by him to secure funds to pay his debts; and the only question is whether his object can be attained in the manner proposed.

The appellant reserved to himself in the deed, power to dispose of the trust estate by will; and in order to meet the difficulties suggested by a possible exercise of this power, or of a failure to exercise it, the appellant offers "to stipulate by contract, irrevocable, with the trustee, against any disposition by will of the bonds referred to;" and the persons who would be the appellant's heirs-at-law and next-of-kin, if he should now die intestate, have agreed that the said bonds may be released from the trust, and delivered to the appellant for his own use.

But it is impossible, at this time, to ascertain who may be legally entitled to claim the bonds should the appellant survive his sister and nephew, and then die intestate. The agreement proposed to be executed by the persons just named, would, it is clear, be a very uncertain and unsatisfactory protection to the trustee—even supposing the appellant can execute a valid, irrevocable contract not to dispose of the bonds by will.

Can he execute such a contract which would be valid and binding upon him, and thus virtually destroy the power reserved in the deed? The language of the power itself, and the intention of the donor, as gathered from it, must determine this question. *Nevin and Wife, et al. vs. Gillespie, et al.,* 56 *Md.,* 320; 4 *Kent's Comm.,* 345.

It is clear from the language used in the deed, and there is no contention in this case to the contrary, that

the appellant intended to convey in trust to his mother all the property mentioned in the deed, and to strip himself of all right of disposing of the same except by will. Therefore the proposed transfer would clearly be in plain violation of the deed and of the power.

It was held in *Wilks vs. Burns, et al.*, 60 *Md.*, 68, that the donee of a power having no reversionary interest, and required to execute the power, if at all, by will, could not enter into a contract with reference to the execution of that power, and that the contract by which the donee of the power agreed to execute an irrevocable will, as well as the will executed in pursuance thereof, was void.

It was said in that case, and may be said here, that the donor of the power "requiring it to be executed by last will and testament, clearly intended that it should remain under the control of the donee until the testamentary disposition could take effect, or, in other words, until the death of the said donee." So long as the deed stands, the trust estate must remain undisposed of by the appellant, and when, by his death, the trust ends, the property, if disposed of at all by him, must be by will.

We have not considered whether the deed of trust can be, as was suggested, successfully assailed by creditors of the appellant, nor whether, as was also suggested, he can revoke it at his pleasure. The first of these questions is certainly not before us on this appeal, and the appellant has disclaimed any intention of raising the second by informing us that he has no desire by *these proceedings* to impeach the deed of trust.

Our conclusion, therefore, is that the order appealed from must be affirmed, with costs to the appellee, to be paid out of the trust fund in his hands as trustee.

*Order affirmed, with costs to appellee,*
*to be paid out of the trust fund.*

(Decided 15th March, 1893.)