**PENNSYLVANIA CO. FOR INSURANCES ON LIVES AND GRANTING ANNUITIES v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 4534.**

Circuit Court of Appeals, Third Circuit.

Sept. 15, 1931.

Jos. A. Lamorelle and Maurice Bower Saul, both of Philadelphia, Pa. (Saul Ewing Remick & Saul, of Philadelphia, Pa., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and De Witt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case the question involved is whether the profit made by the taxpayer on the sale of certain real estate was income for the fiscal year ending November 30, 1925.

The facts, which are not disputed, are that the taxpayer appellant, the Pennsylvania Company for Insurances on Lives and Granting Annuities, hereafter called the Company, owned, sold, and conveyed by deed of December 22, 1924, to the First Penny Savings Bank of Philadelphia, John Wanamaker Founder, hereafter called the Bank, a lot of ground in Philadelphia. The consideration was $500,000 cash and a ground rent on the premises of $800,000 payable in ten years, in addition to an annual ground rent of $40,000. This ground rent the bank had an option to pay at any time during said ten years. This option the bank exercised, paying $200,000 during the fiscal year ending November 30, 1925; $200,000 during the fiscal year of 1926; and $400,000 during the fiscal year of 1927. On the transaction the company made a net profit of $376,108.58.

On these facts the Commissioner held there was a deficiency on the part of the Company of $51,028.23 for the fiscal year ending November 30, 1925, on account of the Company's failure to include its net profit of $376,108.58 in its gross income for that taxable year. On appeal therefrom the Tax Board upheld the Commissioner. Thereupon the Company took this appeal.

In the presentation of the present appeal much stress is laid on the nature of a ground rent, which is a distinctively Pennsylvania instrument. This has received due consideration. There is no doubt the holder of such ground rent has certain real estate rights inherent therein and incident thereto until the ground rent is extinguished. But all this is, in our opinion, wholly apart from the income tax question here involved. In that regard we find ourselves in accord with the Tax Board, which said: "We have no disposition

to deny these authorities, but do not regard them as changing the method of Federal income taxation on realty sales made in Pennsylvania from what they ordinarily are in other States. Weiss v. Weiner, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720."

So far as profits were concerned, they were determined and the transaction closed in that regard when the deed was made. The property was in the heart of the business center of a metropolitan city. Half a million was paid in cash and the fair market value of the property was amply sufficient to secure the ground rent. In fact, $200,000 of it was paid that fiscal year. It is clear the ground rent, as a 5 per cent. investment with ten years to run, was a gilt-edged security of the highest type. Indeed, its advantage to the Company and its burden to the Bank were such that the bank preferred to use $800,000 of its cash and pay it off in toto within two years. Meanwhile its worth as a security was such that the Company, on July 30, 1925, transferred it to the trustees of its reserve fund account, and when the ground rent was paid, these three trustees were the holders thereof who extinguished it. As we have said, to all practical purposes the Company made its profit when the deed passed and that profit had accrued to it and constituted and formed part of its assets. Accordingly, we affirm the action of the Tax Board.