MIDLAND BUILDING & LOAN ASSOCIATION *v.* BLAINE HETRICK ET AL.

THOMAS L. RICHARDS *v.* BLAINE HETRICK ET AL.
[Nos. 110, 111, October Term, 1933.]

*Decided January 30th, 1934.*

The causes were argued before BOND, C. J., URNER, AD-KINS, OFFUTT, and SLOAN, JJ.

*Horace P. Whitworth* and *T. L. Richards,* for the appellants.

*William A. Gunter,* with whom was *W. Earle Cobey* on the brief, for the appellees.

ADKINS, J., delivered the opinion of the Court.

These cases were consolidated by agreement and tried together on the same evidence and argued together here. In both, the question was whether the power of disposition in a widow derived from the will of her deceased husband included the power to execute a mortgage for the purpose of paying the debts of a second husband.

Clarence P. Hetrick, in the residuary clause of his will, provided as follows: "All the rest and residue of my property real and personal, I give, devise and bequeath to my present wife, Effie A. Hetrick, for her and her two children's support during her natural life and on her death I give and devise and bequeath what remains of said property to her said two children, to wit: Blaine Hetrick and Lawrence Hetrick. During my wife's life she may make any changes she may think proper by sale or otherwise, and for that purpose she is hereby empowered to make, execute and deliver all deeds, articles of agreement or other papers, necessary and proper to effect such changes."

The property involved consisted of two parcels of real estate in the town of Accident, Garrett County, one improved by a large frame building formerly used as a hotel, and the other an adjoining unimproved lot. Shortly after the death of the testator, his widow married Harry Liston, to whom she sold the vacant lot, on which he built a garage at a cost of about $8,000, of which he was able to pay $4,500 from his own funds. Before the completion of the building, bills having been presented by mechanics and materialmen for payment of amounts due them, he sought a loan of $3,500 on the garage property from the Midland Building & Loan Association, one of the appellants. On an examination of the property the association declined to make the loan unless the hotel property was included in the mortgage. At first his wife objected, but finally consented. At the instance of the association, a petition to the Orphans' Court of Garrett County was prepared by its attorney, Mr. T. L. Richards, and signed by Mrs. Liston as executrix of the will of her former husband, in which the petitioner recited the above provision

of the will; stated that she and her husband desired to mortgage to said association the hotel property, and the adjoining lot, which had been conveyed to the husband; that she had the power under the will to sell or mortgage any of the property which passed to her and her children by said will, and that she had qualified as the guardian of the children, and, in order to prevent any possible question now or hereafter of her power to make the mortgage and to prevent any claim or dispute from said sale or otherwise, asked the court to grant her permission to make said mortgage; that it would be to the benefit and advantage of the children for petitioner to execute said mortgage as "the money is to be used exclusively for the erection of a public garage building on the lot adjoining the Ries Hotel and being the same lot which she deeded to her husband"; and that the said garage and business incidental thereto would provide a means of livelihood for the family, including the children, and would be a good investment for the children. The orphans' court passed an order authorizing her as executrix and guardian to join with her husband in the mortgage.

In passing, two things are to be noted: (1) That the order of the orphans' court gave no efficacy to the mortgage; (2) that the association had full knowledge of the purpose for which the money was being borrowed.

The mortgage was executed by Effie A. Liston and Harry Liston, her husband. It does not purport to be executed by her as administratrix and guardian, nor does it refer to the power. However, it recites the will as the source of title, and the permission of the orphans' court.

On February 7th, 1933, default having occurred, the mortgage was assigned to T. L. Richards for foreclosure, who advertised the property, and it was bid in as a whole by the association May 27th, 1933, and the sale reported. In the meantime, on May 25th, 1933, the infant children by their guardian filed a bill of complaint against the association, Thomas L. Richards, Effie A. Liston and Harry Liston, her husband, in which they prayed: (a) that the court take jurisdiction, (b) that it construe the will, (c) that it determine

that Effie A. Liston had no power or authority to pledge the residence property as collateral security for the debt of her husband, Harry Liston, (d) that it declare null and void so much of the mortgage as attempted to convey said residence property, (e) that pending the determination of said questions the said Richards as assignee be enjoined from selling said residence property, (f) for general relief. On which the court passed an order requiring the defendants to show cause why the injunction should not be granted. Answers were filed and testimony taken, whereupon the court decreed on August 8th, 1933, that the lien of the mortgage be declared null and void as to the hotel or residence property, and that the writ of injunction issue restraining the sale of said property. The appeal in this case (No. 110) is from that decree. In No. 111 exceptions were filed by the appellees to the sale reported by the assignee of the mortgage. The appeal in that case is from a decree sustaining the exceptions.

We have no difficulty in affirming the decrees appealed from. And in doing so it is not necessary to decide whether the power given in the will included the power to mortgage the property. If it did, that power could not be executed for a purpose foreign to that for which the power was given, so far as one having knowledge of the perversion is concerned. *Tyson v. Latrobe,* 42 Md. 325; *Wilson v. Maryland Life Ins. Co.,* 60 Md. 150; *Stump v. Warfield,* 104 Md. 530, 65 A. 346. On the effect of the knowledge of the mortgagee of the improper use of the power, see, also, *Williamson v. Morton,* 2 Md. Ch. 94. In the present case, borrowing the money to aid the husband in his garage business was merely a speculative venture, and cannot be said to come within the purpose of the power to use the property derived for the support of the wife and children. *Weber v. Bien,* 143 Md. 561, 569, 123 A. 52. In *Reeside v. Annex Building Association,* 165 Md. 200, 167 A. 72, the mortgagee had no knowledge of the intended misapplication of the money borrowed by the donee of the power.

■

We have not considered the exception to the admissibility of certain testimony, because the result we have reached is not influenced by that testimony. We do not find any force in the argument of appellant that Mrs. Liston had at least the right to mortgage her life estate. Her relation to that was one of trust for the benefit of herself and children, and it could not be disposed of for other purposes than that of their support.

*Decree in No. 110 affirmed, with costs to appellees.*
*Decree in No. 111 affirmed, with costs to appellees.*