## PROVIDENT TRUST CO. OF PHILADELPHIA v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5536.

Circuit Court of Appeals, Third Circuit.
March 19, 1935.

Alfred S. Weill and J. Charles Murtagh, both of Philadelphia, Pa. (Weill, Blakely & Nesbit and Weill, Satterlee, Blakely & Green, all of Philadelphia, Pa., of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Carlton Fox, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this income tax case it appears the taxpayer died in the midst of a taxable year and the question involved is the taxable quantum of his income at the time of his death.

The facts show that some years previous to his death the taxpayer had bought two tracts of land. He had afterwards sold them for a much larger sum than he had paid for the same. He took, at the time of the sale, a number of installment notes, some of which were paid before his death, and some of which were unpaid at that time. The contention of the government was that in determining the amount of profit he had made up to the time of his death the proper course was to take the purchase-money notes and lump them together at an alleged fair value as of the date of taxpayer's death and make that the measure of his income. This alleged fair value was a couple of hundred thousand dollars less than the face of the outstanding notes. There is no doubt that what profit there was to the taxpayer grew out of real estate, and we find no substantial objection to this method of settling the amount of the tax. The outstanding notes were good; the transaction was closed; it was profitable; and it seems to us that the taking of the installment notes unpaid at his death and determining their present value was a proper and practical way of ascertaining his profit and, therefore, his income. Had he been living, he could have, before his death, sold all of these outstanding notes and realized a money profit. He did not do so, but the outstanding notes being of value, his profit at the time of his death was fairly reckoned by a fair present valuation of such outstanding obligations, a conclusion in accord with our case, Pennsylvania Co., etc., v. Commissioner, 52 F.(2d) 601.

So regarding, the appeal is dismissed and the order of the tax board affirmed.