518

## WILLIAMS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5761.

Circuit Court of Appeals, Third Circuit.

Sept. 17, 1935.

Ferdinand Tannenbaum and Mark Eisner, both of New York City, for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The petitioner is the executor of the estate of Francis Williams, deceased. On February 18, 1926, the decedent, jointly with two others, sold 1,059 shares of the capital stock of the Broad & Market National Bank & Trust Company of Newark, N. J., upon the installment basis. The decedent was to receive $211,800 for his 353 shares, which had cost him $100,730. His profit from the sale was $111,070 or 52.4 per cent. The decedent elected to return the income derived from the sale on the installment sales basis. For the years 1926 and 1927, he reported as income 52.4 per cent. of the installment payments actually received by him in those years. This was the percentage which the total profit to be realized bore to the total contract price. After the decedent's death,

which occurred on September 3, 1928, the petitioner, as his executor, made a similar return for the period from January 1, 1928, to September 3, 1928, reporting 52.4 per cent. of the installment payments for that year. At the date of the decedent's death, there was an unpaid balance on the contract of $354,400, of which $118,466.64 was due the decedent. The entire debt was secured by collateral of 2,000 shares of the Bank & Trust Company capital stock, deposited in escrow, having an approximate worth of $190,000. In the event of a default, but one-third of the proceeds resulting from a sale of this collateral would, in accordance with the terms of the contract of sale, be paid to the decedent. The Commissioner ruled that section 44 (d) of the Revenue Act of 1928 (26 USCA § 44 (d) and note applied; that the act required that when there was a transmission of an installment obligation, the entire sum of the unpaid installments of the obligation and not merely the annual installment be returned; that the installment obligation be returned at its market value; that the installment obligation had a market value equal to its face value; and that the petitioner's return disclosed a deficiency. The petitioner contends that the act is unconstitutional, and that even if it were held to be constitutional, the Commissioner erred in assessing a deficiency, since the market value of the installment obligation was much less than its face value. The Board of Tax Appeals held the act constitutional and sustained the Commissioner.

The question of the constitutionality of the act was raised in the case of Provident Trust Company, Executor v. Commissioner of Internal Revenue, 76 F.(2d) 810, recently before this court and decided adversely to the petitioner's contention. We adhere to that disposition of the question.

We think, however, that the case should be remanded to the Board of Tax Appeals for further consideration of the issue as to the value of the installment obligation. It appears that the Board's finding as to the value of the installment obligation was in part based on the fact that the petitioner had returned the installment obligation at its face value for both federal and state inheritance tax purposes; that all due payments had been faithfully met by the obligor up to the time of the decedent's death; and that there was no evidence that the obligor was in poor financial condition. It appears, however, to have been assumed

by the Board that the collateral securing the payment of the installment obligation had a market value at the time of the decedent's death substantially in excess of the liabilities which it secured. Nowhere in the opinion of the Board does it appear that it took into consideration the fact that the 2,000 shares of bank stock, pledged as collateral and having an estimated value of $190,000, were pledged as collateral to secure the obligations due the two other parties to the sale of the Bank & Trust Company stock, in addition to the obligation due the decedent. Inasmuch as the Board's determination of the value of the installment obligation appears to have been based partly on the assumption that the value of the collateral was in excess of the obligation which it was intended to secure, we think the Board should clarify its findings upon this point. Helvering v. Taylor, 293 U. S. 507, 55 S. Ct. 287, 79 L. Ed. 623.

The order of the Board of Tax Appeals is reversed and the cause remanded for further proceedings in accordance with this opinion.