OPINION. Withet, Judge,: The respondent’s position is that his determination is correct and should be sustained. In support of his position he contends that, under the arrangements employed by petitioners in making sale of the houses, they not only sold the houses but intended to, and did, sell the land on which the houses stood; that the ground rent leases by which the petitioners reserved annual ground rents were in substance mortgages to secure the payment of the purchase price of the land and improvements so sold; and that since the ground rents were readily marketable at their capitalized value, the petitioners were in receipt of recognizable taxable gain in the respective amounts and for the years as determined by him. The petitioners take the position that by the contracts of sale entered into by them they did not intend to, and did not, sell the land on which the houses stood, but intended to, and did, sell the houses and at the price specified in the contracts; that the ground rent leases under which they reserved stipulated annual rents were intended to be, and were, what they purport to be, namely, leases, and not mortgages; and that, consequently, during the years in controversy they realized no income other than rents from ground rental arrangements not sold or otherwise disposed of during the respective taxable years. Where the factual situation of the transactions involved warranted, Maryland ground rental arrangements variously have been held to be security for the unpaid portion of the purchase price of land, Bosley et al. v. Bosley's Executrix, 14 How. 390, or security for the repayment of a loan or of other indebtedness, Montague v. Sewell, 57 Md. 407, Posner Brothers v. Bayless, Trustee, 59 Md. 56. Likewise, in Pennsylvania Co. For Insurances on Lives, Etc., 19 B. T. A. 699, affd. 52 F. 2d 601, a certain Pennsylvania ground rental arrangement was regarded as security for the unpaid portion of the purchase price of real estate. In Morris Lipsitz, 21 T. C. 917 (on appeal, C. A. 4), the Maryland ground rental arrangements there involved were held to be leases. The decision in each instance was reached on the basis of the particular facts presented. Despite the suggestion, contained in certain arguments advanced here, as to the desirability of such a rule, there appears to be no uniform rule, or authority therefor, which classifies all ground rental arrangements as leases, or classifies all of them as mortgages, or classifies them as something else. The character of any given arrangement must be determined on the basis of the facts relating thereto. The respondent’s position is grounded on the contention that, under the arrangements employed by petitioners in making sales of houses, the petitioners also sold the land upon which the houses stood. The evidence discloses that petitioners, as owners in fee simple of unimproved land, subdivided it into lots upon each of which they built a dwelling house. At or about the time of the completion of the houses on a group of lots, the petitioners entered into, with a straw corporation, a ground rental arrangement covering the lots and providing for the payment to the petitioners of specified annual ground rents with respect to the lots. Upon finding a purchaser for a house, the petitioners entered into a contract of sale with him. The contract specifically stated that the sale was subject to a ground rent on the lot. Thereafter, at the time of settlement, the petitioners caused the straw corporation to assign to the purchaser of the house the straw corporation’s leasehold interest in the lot. Simultaneously with the assignment by the straw corporation, the purchaser executed a mortgage on the premises to cover the unpaid portion of the purchase price of the house. Although payment in full of the mortgage note would relieve the purchaser of all his obligations under the mortgage, he would still be liable for the payment of the annual ground rent. Concededly, by the terms of the contract of sale, as well as under the laws of Maryland, the ground rent was redeemable after the expiration of 5 years. However, the purchaser had no obligation, contractual, statutory, or otherwise, by which he was required to redeem, either upon the expiration of the 5-year period or at any other time thereafter. He had a right to redeem after 5 years but the right was one which he might, or might not, exercise as he saw fit. In the event the purchaser elected to redeem, he was given a deed in fee to the land. Respecting the relationship of an owner and of a lessee to land subject to a ground rent lease in Maryland, the Court of Appeals of Maryland in Moran v. Hammersla, 52 A. 2d 727, 728 (1947), said: In a ground rent lease the owner of the land leases it to the lessee for a certain period, with a covenant for renewal upon payment of a small renewal fine, upon the condition that a certain sum of money shall be paid, and that if the payment is in default for a stipulated time the lessor may re-enter and avoid the lease. The estate of the lessee is considered as personal property, but in practical effect the relation of the lessee to the property is that of owner of the land and improvements thereon, subject to the payment of the annual rent and all taxes on the property. Banks v. Haskie, 45 Md. 207; Culbreth v. Smith, 69 Md. 450, 16 A. 112, 1 L. R. A. 538; Jones v. Magruder, D. C., 42 F. Supp. 193. Prior to 1884 the rents reserved by ground rent leases were not redeemable by the lessee unless expressly so stipulated in the original lease; but in that year and by later statutes the Legislature provided for the conditions upon which the lessee, in subsequently made ground rent leases, should have the right to redeem and thus become the owner of the property in fee simple. Code 1939, art. 21, §§ 110, 111, 115. In view of the foregoing statement by the court, we think it is apparent that the purchasers of houses from petitioners did not acquire ownership in fee simple of the lots appurtenant to the houses prior to redemption. Prior to the time of redemption, they were, as to the lots, lessees whose leases were subject to being avoided in event of default in payment of the ground rent or other items for a period of 6 months. As was pointed out in Betty Rogers, 37 B. T. A. 897, affd. 103 F. 2d 790, certiorari denied 308 U. S. 580, a sale is a transfer of property for a fixed price in money or its equivalent and in a sale (as well as in an exchange) the title to the property is absolutely transferred. We have not been pointed to any case in Maryland where ground rental arrangements like or similar to those involved here were held to be sales of the land. Nor have we found any. In addition to the foregoing, we have been unable to find, after a careful examination of the record, that at any step in any of the various transactions here involved any purchaser of a house made any downpayment on the appurtenant lot or obligated himself to pay any amount with respect to the lot other than the ground rents, taxes, and assessments applicable thereto. Nor are we able to find that any purchaser of a house in any way treated the transactions, either separately or collectively, as constituting transactions looking toward the acquisition of the lot in such circumstances that the ground rental arrangements are to be considered to be the equivalent of purchase money mortgages. In our opinion, the ground rental arrangements were no more than leases. As such, they were productive of income only to the extent that rents were received. Accordingly, we conclude that the respondent erred in determining that the creation of the ground rental arrangements in controversy constituted sales or exchanges of the lots at the time of the creation of the leases and resulted in taxable gain or loss to the petitioners. By amended answers, the respondent has asked, in the alternative, and in the event we hold that he erred in determining that a sale or exchange of land occurred at the time the ground rental arrangements were created, that we find that the arrangements under which the petitioners sold the houses erected on the land constituted a sale or exchange of land. In view of what has been said above with respect to the preceding issue, we think the alternative request of the respondent must be denied. Decisions will be entered under Rule 50.