FRANCIS A. WHITE, Executor, et al. *vs.* WILLIAM
M. ROBERTS et al.

G. HAYES WEST, Guardian ad Litem, *vs.* WILLIAM
M. ROBERTS et al.

*Compromise and Settlement—Avoidance of Caveat to Will—*
*Validity—Powers of Court—Interests of*
*Infants—Construction of Codicil.*

On a bill by an executor and a trustee under the will, sub-
mitting to the court for possible ratification an agreement of
settlement between testator's only child and legatees under the
will, entered into for the purpose of avoiding a caveat to the
will by such child, *held* that the parties in interest being all
adults, in being, and parties to the proceeding, they could, sub-
ject to the ratification of the court, bind all interests by the
agreement, which excluded no one entitled under the will and
codicils.                                            p. 419

A codicil to a will construed, and *held* that testator intended thereby to revoke the provisions of the will as to certain shares in his property, and to give them to his niece for life, with a power of appointment by will, he thus dying intestate as to the remainder.　　　　　　　　　　　　p. 419

Acts 1920, ch. 228, authorizing a trustee, executor, or other fiduciary, desiring to compromise or settle any matter in dispute, to submit the proposed compromise or settlement to a court of equity for its approval, contemplates a compromise by which the amount of an estate may be decreased in order to effect a settlement of a claim against the estate, and does not empower the court to ratify an agreement by adult parties in interest which would change a will to the extent of depriving infants, either born or unborn, of interests bequeathed them.

p. 420

*Decided April 9th, 1924.*

Appeals from the Circuit Court of Baltimore City (DUFFY, J.).

Bill by Francis A. White, executor of the will of John B. Roberts, deceased, and by the Safe Deposit and Trust Company of Baltimore, trustee under said will, against William M. Roberts and others. From the decree rendered, said executor and trustee, and G. Hayes West, guardian *ad litem* for John Williams Roberts and others, infant defendants, separately appeal. Affirmed.

The causes were argued before THOMAS, PATTISON, URNER, ADKINS, OFFUTT, and DIGGES, JJ.

*Frank B. Ober,* with whom were *Janney, Ober, Slingluff & Williams* on the brief, for executor and trustee, appellants.

*Samuel K. Dennis,* submitting on brief, for G. Hayes West, guardian *ad litem,* appellant.

*Wm. Cabell Bruce,* submitting on brief, for William M. Roberts and Ella Coleman Roberts, his wife, appellees.

*Thomas H. Robinson,* for John William Roberts and others, appellees.

ADKINS, J., delivered the opinion of the Court.

John B. Roberts, late of Baltimore City, died on or about April 6th, 1923, leaving a will and three codicils. By the terms of the will he devised and bequeathed his entire estate to the Safe Deposit and Trust Company of Baltimore, one of the appellants, in trust, to collect the income therefrom and to pay the net income to his wife during her life, and upon her death to divide the corpus into five equal parts and to pay the income from said parts, respectively, to the following persons during their respective lives with remainders as indicated below, viz.:

1. His son, Major William M. Roberts, at his death, remainder to his descendants then living, but if no descendants, remainder in equal shares to testator's nephew and niece, John Roberts and Isabel Dallam.

2. John Roberts, a nephew; remainder to his descendants living at his death, *per stirpes*; and if none, to such of his sisters, Mary Roberts, Isabel Dallam, Mrs. Howard and Mrs. Whiteford as may be then living, and the descendants then living of such of them as may be then deceased, *per stirpes.*

3. Isabel Dallam, a niece; remainder to her descendants living at her death, *per stirpes;* and if none, to such of her sisters, Mary Roberts, Mrs. Howard and Mrs. Whiteford, and her brother, John Roberts, as may then be living, and the descendants then living of such of them as may then be deceased, *per stirpes.*

4. Mary Roberts, a niece; remainder to her descendants living at her death, *per stirpes;* and if none, to such of her sisters, Isabel Dallam, Mrs. Howard and Mrs. Whiteford and her brother, John Roberts, as may then be living, and the descendants then living of such of them as may then be deceased, *per stirpes.*

5. Sallie Street, a half-sister; remainder to Mary Roberts if she be living at the death of Sallie, and if not, to such of testator's nieces and nephew, Isabel Dallam, Mrs. Howard and Mrs. Whiteford and John Roberts, as may be then liv-

ing, and the descendants then living of such of them as may then be deceased, *per stirpes.*

The trustee is given power to sell and to change investments.

By the first codicil, testator's wife, who was named as executor of the will, having died, Francis A. White is substituted as executor.

By the second codicil he makes several small bequests, and the following important change in his will, viz.:

> "The one-fifth interest in my estate given to my nephew, John Roberts, I wish changed and given to my niece, Mary Roberts, she to receive the interest during her life; at her death I wish her to place it by her will as she may desire. Also the one-fifth interest given my niece, Mary Roberts, I wish her to have the interest paid her during her life—at her death to place it as she may wish—by her will. The interest on one-fifth of my estate to be paid my son, W. M. Roberts, on his death I wish divided between my nephew, John Roberts, and my niece, Mrs. Whiteford, Mrs. Howard being dead. The interest on one-fifth of my estate given to Sallie Street at her death to be paid to my niece, Mary Roberts. After the death of my niece, Mary Roberts, I wish this interest divided betwen my nephew, John Roberts, and my niece, Mrs. Whiteford, Mrs. Howard being dead."

The third codicil is as follows:

> "My niece, Mrs. Dallam, died December the 25th, 1922. In my will I left her the interest on one-fifth of my estate; this I wish paid and equally divided between her sons, Donald, John W. and Charles L. Dallam.
>
> "Interest to be paid every six months.
>
> > "John B. Roberts,
> > "1116 St. Paul St.,
> > "Feby. 3rd, 1923."
>
> "Witness:
> "Arthur W. Bond.
> "S. H. Walker"

On the death of testator, his son, Major Roberts, being dissatisfied with the provisions of the will, threatened to file a caveat. This was averted by an agreement reached by the surviving nephew and nieces of testator and the children of Mrs. Dallam, who had died, to which Major Roberts and Sallie Street assented, as follows:

"In The

"Orphans' Court of Baltimore City.

"In the Matter of the Estate of John B. Roberts,
Late of Baltimore City, Deceased.

"This agreement, made this 21st day of June, in the year 1923, by and between Mary Roberts, John W. Roberts, Wilhelmina Whiteford, Donald Dallam, John W. Dallam and Charles L. Dallam, legatees and distributees under the last will and testament of John B. Roberts, late of Baltimore City, deceased.

"Whereas, by the last will and testament and codicils thereto of the said John B. Roberts, late of Baltimore City, deceased, he devised all of his property as therein set forth, said will being duly admitted to probate and now of record amongst the Will Records of Baltimore City;

"And whereas, Major William M. Roberts, the only son of said John B. Roberts, is about to file a caveat to said will, because of its provisions, which are unsatisfactory to him;

"And whereas, in consideration of the agreement on the part of the said William M. Roberts to settle all controversies in reference to said will, with the understanding that he shall receive 45% of the net amount of said estate, and the other devisees therein named, being the parties to this agreement, who together with Miss Sallie Street, to whom one-fifth of said estate was devised in trust, are to receive 55% of the net amount of said estate;

"Now, therefore, this agreement witnesseth, that in consideration of the premises and of the agreement on the part of William M. Roberts to take 45% of said estate, in lieu of all his interest therein (this agreement not intended, however, to affect the devise of certain specific chattels referred to in said will,

which are to go as provided in said will), the said Mary Roberts, John W. Roberts, Wilhelmina White- ford, Donald Dallam, John W. Dallam and Charles L. Dallam do hereby agree that 45% of the said estate of John B. Roberts, deceased, shall be paid in cash in the final distribution of said estate free, clear and discharged of any trust, to the said William M. Rob- erts, upon his relinquishing all his rights of every kind and character in the balance of said estate, or any contingent interest therein, except as to the per- sonal chattels above referred to, and that 2/5 of the balance of said estate, consisting of 55% of the net amount thereof, shall be paid to Mary Roberts free, clear and discharged of any trust, and that 1/5 of the remaining part of said estate which was devised to the said William M. Roberts for life, with remainder over to John W. Roberts and Wilhelmina Whiteford absolutely, shall go to and vest in the said John W. Roberts and Wilhelmina Whiteford absolutely, free, clear and discharged of any trust, to be divided be- tween them share and share alike.

"And whereas, by the last codicil to said will, the interest on 1/5 of the estate was directed to be paid and divided equally between Donald Dallam, John W. Dallam and Charles L. Dallam, and that some question existed as to whether they had any right to anything but the income thereof; it is further under- stood and agreed that in view of the fact that the said Major William M. Roberts has released all his inter- est in 55% of this estate, in consideration of receiv- ing 45% thereof absolutely, and that the 1/5 interest so devised to the said Donald Dallam, John W. Dal- lam and Charles L. Dallam shall vest in them abso- lutely, and be paid to them in cash, free, clear and discharged of any trust or any possible claim of the said William M. Roberts to said 1/5 interest in said 55% of the net amount of said estate, and that the 1/5 interest in said 55% of said estate devised to Sallie Street for life is to remain in trust as pro- vided in said will.

"And the parties to this agreement further agree that they will sign any other or further agreement that may be necessary to carry out the provisions of this settlement, whether by agreeing that the will shall be set aside and the distribution made as hereinbefore set forth, or whether the estate shall be distributed under a proceeding duly instituted in one of the equity courts of Baltimore City, under the provisions of chapter 228 of the Acts of 1920.

"As witness our hands and seals the day and year above written.

| | |
|---|---|
| "Mary Roberts. | (Seal) |
| "John W. Roberts. | (Seal) |
| "Wilhehnina Whiteford. | (Seal) |
| "Donald Dallam. | (Seal) |
| "John W. Dallam. | (Seal) |
| "Chas. L. Dallam. | (Seal)." |

The bill of complaint in this case (with the above mentioned will, codicils and agreement as exhibits) was filed by the executor and the trustee against William M. Roberts and wife, John William Roberts (called John Roberts in the will) and wife, adults; the two infant children of John W. Roberts, the three children (all adults) of Isabel Dallam, deceased; the son and daughter (adults) of Mrs. Howard, deceased, and their spouses, Mrs. Whiteford, adults, and her three infant children, and Sallie Street, adult. The bill alleges the facts above recited, describes the parties, and alleges that all the persons now living and interested, or possibly interested, and affected, as legatees under various constructions of the will and codicils, so far as here material, are made respondents. It further alleges that said agreement is satisfactory to all the adult defendants, although some of them have not yet signed it, and that said agreement is intended to settle and determine all controversies with reference to the validity of the will; that plaintiffs believe that said settlement is to the best interest of the estate as a whole in the contest with the next of kin, and, therefore, believe that it should be ratified

unless the court should determine that the carrying out of the same improperly alters the rights of the beneficiaries' *inter sese,* by reason of the provisions accelerating remainders, as set forth in said agreement; that plaintiffs, as representing all possible interests under the said will and codicils, feel it to be their duty to impartially call the attention of the court to the possible interpretations of the will, other than those assumed in said agreement, under which possible interpretations the rights of certain of the beneficiaries under the will as so construed are ignored or adversely affected; that in so far as the agreement may ignore or affect the rights of possible beneficiaries, not parties to the agreement, plaintiffs submit the same without recommendation since they feel they have no right to determine questions which may be questions of interpretation adversely affecting the interests of certain beneficiaries or possible beneficiaries, and feel that their duty is limited to making parties to the bill such possible beneficiaries now *in esse* and apprising the court of the rights of other possible unborn beneficiaries in order that their interests, if any, may be protected in such manner as to the court may seem proper.

The debatable questions suggested by the bill are as follows:

1.   It sets out the provision of the will in favor of Major William M. Roberts, and the modification of the provision of the will as to the remainder in said one-fifth part by the second codicil, and suggests that a conceivable construction of this part of the will and codicil which is not contemplated by the settlement agreement would be, that the remainder to the children of William M. Roberts, created by the original will, was not revoked, but that the original provision of the will above referred to was only modified in the codicil with respect to the executory devise over in the event of Major Robert's death without children, and that, therefore, under this possible construction any future children of Major Roberts might conceivably have an interest in the estate, which is ignored in the proposed settlement.

2.   It sets out the provisions of the will as to the second and fourth shares, and the modifications thereof by the second codicil; and avers that the part of the agreement relating to these shares is based on the assumption that Mary Roberts by joining in the agreement defeats the possibility of any future claim by beneficiaries under her own will, if she should exercise her testamentary power of appointment conferred by the codicil, and is based on the further assumption that the remainder in default of appointment would vest in Major Roberts, who is a party to the agreement.   The bill suggests that if the first assumption is not well provided that the future possible beneficiaries under the will of Mary Roberts might have a possible interest in the estate; and if the second assumption is not well founded, and if the provisions in the original will govern, in default of appointment under the testamentary power conferred by the second codicil (there being no *express* revocation except as to the life interest in the second share), then any future children of Mary Roberts or the executory devisees, as determined upon the death of Mary Roberts, would have a possible interest in the estate; that while all of the children now *in esse* who might conceivably take in default of appointment have been made parties, the future children of Mary Roberts and the future children of the executory devisees named in the original will and the future possible beneficiaries under the will of Mary Roberts are not represented in this proceeding, and their rights, if any, are ignored in the agreement.

3.   It sets out the provisions of the will as to the third share and the modification thereof by the third codicil, and avers that the agreement that this share shall be paid to Donald Dallam, John W. Dallam and Charles L. Dallam, children of Isabel Dallam, deceased, absolutely and discharged of any trusts, is based upon the assumption either that they are entitled to the corpus of this share or that they are entitled to a life estate therein, with remainder to Major Roberts, who is a party to the agreement.   The bill suggests that another conceivable construction is that the sons of

Isabel Dallam above named are entitled to life estates and their descendants to remainders in their respective shares, and that under such a construction the rights of any future children of the said sons are not represented and are ignored in the proposed settlement.

The plaintiffs recommend the ratification of the said settlement in so far as it is a settlement between the estate and Major Roberts, the next of kin, but submit the question whether they ought to recommend the carrying out of the other terms of the settlement in so far as they involve assumptions as to the proper interpretation of the will, for the instructions of the court. The executor, one of the plaintiffs, states that he has filed in the orphans' court a partial inventory of personal estate, a list of debts and an inventory of real estate, and suggests that, in view of complications growing out of this proposed settlement, the further administration of the estate be carried on in the circuit court; and the plaintiffs further suggest that if the agreement is ratified it will be necessary to sell some of the real estate for the purpose of distribution, and that the trustee be authorized and directed in such event to sell such part of the real estate as may be necessary or desirable for that purpose, under the power contained in the will.

The prayer of the bill is:

a.   That the court take jurisdiction and such action with respect to the ratification of the settlement agreement as may seem proper.

b.   That the court take jurisdiction over the further settlement and distribution of the estate and over the further administration of the trustee therein, and that the court authorize and direct the sale under its supervision by the trustee under the powers conferred by the will of all or so much of the real estate as may be necessary or desirable for the purposes aforesaid.

c.   For further relief.

The answer filed by William M. Roberts and wife admits the threatented contest and the proposed agreement of settle-

ment referred to in the bill, and that said agreement is satisfactory to them, with certain provisos not necessary to be stated here, and avers that with such provisos they are willing that the compromise and settlement proposed shall, "if properly extended by this Court to them and the other parties in interest, including the said Sallie Street, and, if properly perfected by this Court in such a manner as to be binding upon all parties concerned in the subject matter thereof, be carried into full effect by the decree or decrees of this Court; provided, however, that the said William M. Roberts does hereby expressly and distinctly reserve the right, should he see fit, in case said agreement shall not be lawfully carried into full and final effect by a final decree of this Court in this cause within the space of two years and six months from the probate of the said alleged will and codicils of the said John B. Roberts, to file a caveat or caveats to said will and to any one or more or all of said codicils; and to set aside the same."

The answer further states that in case said agreement of settlement shall be carried into effect by a final decree said defendants have no objection to the administration of the personal estate in this cause, or to the sale in this cause, so far as necessary for the purposes of distribution, of the real estate by the said trustee.

The answer of Sallie Street admits all the allegations of the bill and consents to the relief prayed therein and to the passage of such decree as to the court may seem proper and just.

The answers of John W. and Elizabeth Roberts, his wife, and Wilhelmina Whiteford, Mary Roberts, Donald, John W. and Charles L. Dallam, admit facts alleged in the bill as to the threatened contest and the proposed agreement of settlement, and consent to a decree in this case "upon the condition that said agreement is carried out according to its express terms, so far as their interests are concerned."

The answer of Isabel Thompson and Harry Lee Thompson, her husband, William Winston Howard and Nina

Howard, his wife, admits the death of John B. Roberts on April 6th, 1923, leaving a will and three codicils which has been duly probated; that Margaret Howard, the mother of the said Isabel Thompson and William Winston, died intestate on or about March 16th, 1921, survived by two children, her only descendants, to wit: Isabel Thompson, who is married to Harry Lee Thompson, and William Winston Howard, who is married to Nina Howard; and that they are all of age.

On petition of plaintiffs a guardian *ad litem* was appointed for the infant defendants, and Samuel K. Dennis was appointed counsel for the infant defendants; and Samuel K. Dennis was also appointed "counsel to represent the interests of all unborn or unknown persons whose beneficial interests may be affected by the proposed settlement agreement"; and an answer of the infant defendants by their guardian *ad litem* was filed by Samuel K. Dennis, their solicitor.

Testimony was taken and the case submitted to the court, which decreed that the settlement agreement be ratified and confirmed "to the extent hereinafter set forth in this decree," which provided:

1. That further administration and settlement of the estate be conducted under the direction and supervision of the court in said proceeding, and that the court assume jurisdiction of the trusts created by the will and the codicils thereto.

2. That certain pecuniary bequests be paid in full to the legatees.

3. That certain chattels specifically bequeathed be delivered to the legatees.

4. That the real estate be sold by the trustee under the powers contained in the will.

5. That out of the net residuary estate there be set apart for William M. Roberts, son of the testator, forty-five per cent.; of which one part equivalent to twenty-five per cent. of the entire residuary estate shall be paid or delivered by the executor to the said William M. Roberts as his absolute

property, free and clear of any further trust, and the remaining part (being equivalent to twenty per cent. of the entire residuary estate) shall be paid over or delivered by the executor to the Safe Deposit & Trust Company of Baltimore, as trustee, in trust to hold and manage the same and to pay the net income therefrom to the said William M. Roberts during his life and on his death to pay the corpus of said trust, free and discharged from the trust, to his descendants living at his death, *per stirpes,* if he leaves any descendants, but if there be no descendants of his living at his death, then the said trustees shall pay the corpus of said estate to such persons as the said William M. Roberts may by his will appoint, or in default of such appointment, to his personal representatives or assigns; said trustee to have all of the rights, powers and duties set forth in the will of John B. Roberts; said William M. Roberts and his wife to deliver to the trustee a duly executed release and assignment, assigning to Mary Roberts absolutely all their rights in the remainder or reversions in the second and fourth shares created by the said will (the life estates in said shares being already vested in said Mary Roberts), and also releasing all and every other interest or claim, which they or either of them have or may in the future have in the estate of the late John B. Roberts, either under any of the provisions of said will or as heirs at law or next of kin, reserving, however, to the said William B. Roberts in the said release the same right or interest in any property belonging to the estate and not now known or mentioned, as has been decreed to him, out of the net residuary estate now known.

6.   That the remaining fifty-five per cent. of the net residuary estate shall be divided by the executor into five equal parts and distributed as follows:

a.   One-fifth to John W. Roberts and Wilhelmina Whiteford, free, clear, and discharged of any trust, to be divided between them, share and share alike (this fifth being the fifth devised by said will and codicils to William M. Roberts for life, with remainder over to John W. Roberts and

Wilhelmina Whiteford, absolutely, the life estate therein being terminated by the above mentioned release to be executed as aforesaid).

b. One-fifth to Donald Dallam, John W. Dallam, and Charles Dallam, absolutely and free, clear, and discharged of any trust, share and share alike, "the court being of the opinion that the absolute interest therein is vested in said Donald Dallam, Charles L. Dallam, and John W. Dallam by virtue of said will and codicils."

c. One-fifth to the Safe Deposit & Trust Company, trustee, to be held by it with the powers in said will set forth, in trust to pay the net income thereof to Sallie Street during her life, and after her death to pay the net income thereof to Mary Roberts during her life, and after the death of Mary Roberts to pay over the corpus in equal shares to John Roberts, his personal representatives or assigns, and Wilhelmina Whiteford, her personal representatives or assigns.

d. Two-fifths to Mary Roberts, free, clear, and discharged of any trust, "the court being of the opinion that the effect of the will and codicils and release herein required of William M. Roberts is to vest in said Mary Roberts the entire interest in said remaining two-fifths."

The decree makes certain provisions as to details of enforcement, which it is not here necessary to set out.

The form of the decree was approved by all the parties through their solicitors.

The two appeals in one record are from said decree, and were taken, by order of the Chancellor, by the executor and the trustee, who were plaintiffs below, and by the guardian *ad litem* of the infant defendants. The appellants in both appeals concede that, even if the difficulty suggested in the bill of complaint as to the first share be valid, it is removed by the terms of the decree, by which any possible interest of future children of William M. Roberts in one-fifth of the estate is preserved. It will be unnecessary therefore to consider further this objection. It is also conceded that the construction of the will and third codicil, by which the Dal-

lam children are given absolute estates, and of the will and second codicil, in accordance with which the trust is continued as to the fifth share during the lives of Sallie Street and Mary Roberts and the life of the survivor of them with remainder to John Roberts and Wilhelmina Whiteford, free and clear of the trust, is free from serious difficulty. We concur in the conclusion of the Chancellor as to both of these shares.

The objection seriously urged is as to the disposition made by the agreement of settlement and by the decree of the second and fourth shares. Our conclusion as to these shares is likewise in accordance with that reached by the Chancellor. In our opinion the testator intended by the second codicil to revoke the provisions of his will as to these shares. The language of this codicil indicates clearly that the testator meant not only to give his niece, Mary Roberts, the power of appointment by will, but that he relied upon her exercising the power, and intended to leave the remainder in these shares otherwise undisposed of. The result of which conclusion is that he died intestate as to these remainders, and they went to his son, Major Roberts, as his next of kin, subject to the exercise of the power of appointment by Mary Roberts. By the assignment of these remainders to Mary Roberts under the terms of the decree she will have the entire interest in these shares, and the super-added testamentary power will then be extinguished by her contract.

The conclusions reached by the Chancellor, in all of which we concur, as to the true construction of the will and codicils in reference to the respective shares, remove all the difficulties which were suggested in the bill of complaint and ably presented by counsel in argument.

Except, possibly, as to future children of William M. Roberts, as to whom it is unnecessary to express an opinion because of the provision made by the decree to protect any interest they might have, the parties in interest are all in being, adults, and parties to the proceeding. It was therefore competent for them, subject to the ratification of the

court, to bind all interests (with the possible exception just mentioned) by the agreement of settlement, which, as ratified by the decree, excludes no one entitled under the will and codicils.

Some, at least, of the difficulties suggested by counsel for appellants would have been not only serious but insuperable if the constructions of the will and codicils suggested as possible had been found to be the true construction. For we do not understand that under chapter 228 of the Acts of 1920 the court has power to ratify an agreement by adult parties in interest which would change a will to the extent of depriving infants, either born or unborn, of interests bequeathed them. The sort of compromise which that act seems to contemplate is one by which the *amount* of an estate may be decreased in order to effect a settlement of a claim against *the estate.*

It does not contemplate the *extinction,* or the *change of character, of interests* given to infants in such estate.

> *Decree affirmed and cause remanded, costs to be paid out of the estate.*