### JANE FRANCES O'HARA *v.* JOSEPHINE MARY O'HARA ET AL.

[No. 31, October Term, 1945.]

*Decided November 29, 1945.*

The cause was argued before DELAPLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*James E. Tippett* and *Bernard S. Milnicove* for appellant.

*Simon E. Sobeloff*, with whom was *Bernard M. Goldstein* on the brief, for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Jane Frances O'Hara, infant, alleges in her bill for specific performance: (1) that Sarah E. O'Hara, of Bal-

timore County, died in 1933 leaving a will bequeathing her estate to Safe Deposit and Trust Company of Baltimore in trust to pay the income therefrom to her son, James F. O'Hara, Jr., complainant's father, until he reached the age of forty, and then to give him one-half of the corpus, and pay him thereafter the income from the other one-half, and also empowering him to appoint by his last will and testament such person or persons "as in his sole judgment and discretion may be worthy to receive the residue," and to fix the amount to be given to each; (2) that in 1935 complainant's father, having been sued for divorce, entered into an agreement of settlement, which was ratified by the decree of divorce, to pay complainant's mother $6,900 a year alimony and $600 a year for complainant's support, and to execute an irrevocable will bequeathing complainant one-third of his estate and one-third of his mother's estate in which he had the power of appointment; and that he executed his will in compliance with the agreement; (3) that in 1943, after he had married again and two children had been born of this marriage, he made a new will giving one-third of his estate and one-third of his mother's estate to his wife and two-thirds in trust for the three children; and (4) that he died in 1944 before reaching the age of forty. Complainant claims one-third by virtue of the agreement, rather than one-third of two-thirds as bequeathed by the second will. The chancellor sustained a demurrer and dismissed the bill. Complainant appealed from the decree.

It is a well-established principle that where there are several modes of executing a power, and the donor does not direct how the power shall be executed, the donee himself may select the mode; but where the mode is prescribed by the donor, the power cannot be executed in any other mode. *Schley v. McCeney*, 36 Md. 266, 275. Thus, if a power is to be executed by deed, it cannot be executed by will. Conversely, if the power is to be executed by will, it cannot be executed by any instrument taking effect during the lifetime of the donee. It

was emphasized in *Cooke v. Husbands,* 11 Md. 492, 503, that where a mode of appointment is provided it operates as a negation of any other mode, and is a paramount law governing every contract in relation to it. In 1883 Judge Yellott delivered the opinion in *Wilks v. Burns,* 60 Md. 64, 71, that the donee of a power to make appointment by will has no right to enter into any contract that fetters such power. That opinion guided the Court of Appeals in New York in its decision in 1916 in *Farmers' Loan & Trust Co. v. Mortimer,* 219 N. Y. 290, 114 N. E. 389, 390, Ann. Cas. 1918E, 1159. Judge Cardozo said in the decision of that case: "The power of appointment was general and beneficial * * *, but none the less there were limitations upon the manner of its execution. It was to be executed, not by deed, but by will, and a will in its very nature is ambulatory. The exercise of the power was to represent the final judgment, the last will, of the donee. Up to the last moment of his life, he was to have the power to deal with the share as he thought best. * * * To permit him to bargain that right away would be to defeat the purpose of the donor. * * * We hold, therefore, that whether the power be beneficial or in trust, a contract controlling its exercise is not enforceable in equity. That is the rule in England. * * * It is the rule in Maryland."

The question whether or not a particular contract executed by a donee of a power fetters such power must be determined from the language of the instrument creating the power and the intention of the donor as gathered from it. *Worthington v. Rich,* 77 Md. 265, 269, 26 A. 403. In the case now before us the donee was directed to exercise the power of appointment by last will and testament. If his mother had intended him to exercise the power by deed or contract *inter vivos,* she could readily have done so. But she signified her desire that the disposition of her estate should remain under her son's control until the time of his death. It is evident that she wanted his mind to be untrammeled so that, if circumstances changed from time to time, he could

execute the power "in his sole judgment and discretion" at any period during his lifetime. His agreement to make an "irrevocable will" was obviously in violation of his mother's will. As this Court stated in *Wilks v. Burns*, 60 Md. 64, 69, the declaration of a testator that his will shall be "irrevocable" has no more effect than a declaration that his will is his "last will and testament." These words literally mean that he does not intend to execute another will. And yet it is beyond question that he has the legal right to make a different disposition of his property at any time. A will is evidence of the testator's incipient intention, authenticated in accordance with the requirements of the law, to take effect after his death, but remaining under his control during the entire period of his life. The testator can revoke his declared intention and alter his will as long as he possesses testamentary capacity. The untrammeled right to revoke a will has never been abridged by the State.

The contention of complainant is that her father's settlement agreement was a release of a general and beneficial power, rather than an exercise of power. There is no question that the power conferred upon him was general and not special. A power is general where no restriction is imposed upon the donee as to the person or persons to whom he may appoint or the amount which each person shall receive. *Balls v. Dampman*, 69 Md. 390, 16 A. 16; *Miller, Construction of Wills*, Section 256. O'Hara was empowered not only to designate the person or persons who in his sole judgment and discretion were worthy to receive the estate, but also to fix the amount for each person. But this Court has never adopted the English rule, which has been followed in a number of States, that the donee of a general testamentary power, which he has the right to exercise for his own benefit, may release it by deed. *Lyon v. Alexander*, 304 Pa. 288, 156 A. 84, 76 A. L. R. 1427; 1 *Simes, Law of Future Interests*, Section 282; 3 *Restatement, Property*, Section 334. This rule has been deprecated by American legal scholars. Professor Gray of Harvard

asserted in 1911 that in reality there is no difference in principle between the exercise of a testamentary power by deed and the release of such a power. 24 *Harvard Law Review* 511, 531. In 3 *Restatement, Property,* Section 333, the American Law Institute makes the following comment: "The donor has indicated, by creating a testamentary power, that he intends the donee to retain his discretion of choice up to the moment of his death. To be sure, this postponement is not directed for the benefit of any class of objects but it is a direction of the donor in the disposal of his own property made for reasons sufficient to himself and violating no consideration of public policy. It is clear that the donee cannot frustrate this intent directly by making an appointment. It is also clear that he cannot frustrate it indirectly by making a contract to appoint. * * * Should he be able to frustrate it by a release?"

It is true that this Court found no objection to the release of the power of appointment in *White v. Roberts,* 145 Md. 405, 419, 125 A. 733. On the other hand, in *Balls v. Dampman,* 69 Md. 390, 16 A. 16, and in *Price v. Cherbonnier,* 103 Md. 107, 63 A. 209, it was held that a power to appoint by will does not give the donee a right to bind the property for the payment of his own debts. We think the correct rule is that a general and beneficial power of appointment by will may be released and extinguished by the donee's deed provided that there is no frustration of the donor's intention. It is our conclusion that the agreement of settlement in this case was not a valid release of the power of appointment. We hold that the donee did not release the power, but on the contrary undertook to exercise it twice.

Finally, we reaffirm the doctrine of equity that a contract to devise property, if definite and certain in its terms, fair and reasonable in all respects, and founded on sufficient consideration may be specifically enforced as against the heirs or devisees of the party obligating himself to devise. *Semmes v. Worthington,* 38 Md. 298, 318; *Mannix v. Baumgardner,* 184 Md. 600, 42 A. 2d

124. However, when such a contract is made and broken, equity does not nullify the later will, but charges the promisor's property with a trust and appoints a trustee to make a conveyance. In the case at bar the subject-matter of the power was not the property of the promisor. It was the property of his mother. We can say this because, strictly speaking, the donee of a power to dispose of property has no estate in the property. *Maryland Mut. Benev. Soc., etc. v. Clendinen,* 44 Md. 429, 433, 22 Am. Rep. 52; *Pope v. Safe Deposit & Trust Co.,* 163 Md. 239, 245, 161 A. 404. In 1931 the Legislature of this State added a new section to the Chancery Act providing that any agreement made between husband and wife respecting support, maintenance, property rights, or personal rights, or any settlement made in lieu thereof, shall be valid, binding and enforceable to every intent and purpose, and shall not be a bar to an action for divorce. Acts of 1931, Chap. 220, Code, 1939, Art. 16, Sec. 42. But, of course, the Legislature did not attempt to confer jurisdiction over property which the litigants do not own. Likewise, the Court has no authority to enlarge the power of appointment. That power is limited by the instrument creating it. Whether there is a remedy at law against O'Hara's estate is a question not before us.

Therefore, as there is no remedy in equity against the defendants who take under the power of appointment, we affirm the decree of the chancellor sustaining the demurrer and dismissing the bill of complaint.

*Decree affirmed, with costs.*