GIBSON et al. v. SECURITY TRUST CO. et al.

Civ. A. No. 586–W.

United States District Court
N. D. West Virginia.

Oct. 3, 1952.

767

Gilbert S. Bachmann, of Wheeling, W. Va., and Hamilton, Denniston, Butler & Riddick, of Mobile, Ala., for plaintiffs.

Paul, Petroplus & Bailey and D. Paul Camilletti, of Wheeling, W. Va., for defendant Security Trust Co.

James G. McClure and Frank A. O'Brien, of Wheeling, W. Va., for defendants Ervin and Ruth Fuhr.

WILKIN, District Judge by designation.

This case was submitted on the pleadings and the motion of the defendant, Security Trust Company, to dismiss. The motion to dismiss was joined in at time of hearing by the other defendants Fuhr. The motion assigned nine grounds for dismissal. The first ground is the only one that needs to be considered. It stated that the facts and allegations and exhibits of the complaint failed to establish a justiciable controversy, and are not sufficient in law to warrant the granting of the relief prayed for.

There was no dispute as to essential facts. It was admitted that at the time Item 8 of the Trust Agreement, the basis of plaintiffs' claim, was prepared and executed W. J. B. Gibson was a salaried employee of the defendant Security Trust Company, and acting as agent of the Trustee and counsel to the settlor of the trust.

Such Item 8 is as follows:

"Amended Item 8. Upon my death and after the payment of the amounts in Amended Item 7 are duly made, my said Trustee shall continue to hold the residue of said trust fund in trust under the same broad terms and conditions as in said Trust Agreement dated May 26, 1947 made and provided, and the income therefrom shall be paid to Ervin C. Fuhr and Ruth Fuhr, or the survivor, for and during the term of their natural lives.

"My said trustee, in its sole discretion, is hereby vested with complete power and authority to expend such portion or portions of the corpus or principal of the said residue of said trust fund from time to time as in its sole discretion it should deem such corpus expenditures necessary for the proper maintenance, support and comfort of either the said Ervin C. Fuhr or Ruth Fuhr.

"I hereby declare that I have during my lifetime incurred certain obliga-

tions in a very confidential manner which will require the expenditure of cash in order to pay and discharge said obligations. Such facts are known to Ervin C. Fuhr and Ruth Fuhr, his wife, in whom I repose complete confidence and trust that said obligations will be fully paid and discharged, and therefore I hereby authorize and direct my Trustee to expend from the income or corpus of the residue of my said trust fund such amounts not exceeding the sum of Twenty-five Hundred Dollars ($2,500.00) in any one calendar year as may be recommended to my said Trustee by the said Ervin C. Fuhr and Ruth Fuhr, or either of them, for the payment and discharge of such confidential obligations. A letter of direction signed by the said Ervin C. Fuhr and Ruth Fuhr, or either of them, setting forth said recommendation of payment not exceeding the sum of Twenty-five Hundred Dollars ($2,500.00) in any one year shall be sufficient authority for my said Trustee to pay said sums to the persons so designated in said letter of direction.

"After the death of both the said Ervin C. Fuhr and Ruth Fuhr, and after the full payment and discharge of said confidential obligations, this trust shall continue and all the income therefrom remaining in said trust fund shall be paid quarterly to the following charitable institutions:

"(a) To the Trustees of the Thomson Methodist Church, of Wheeling, West Virginia, which shall be added to their general trust fund to be administered by the Security Trust Company.

"(b) To the Salvation Army for the use and benefit of the Wheeling Branch.

"(c) To the Trustees of the Yorkville Methodist Church, of Yorkville, Ohio.

"In the event of the discontinuation of any of the above three institutions, the distributive share of said trust fund payable to said institution shall be paid to any charitable institution into which such beneficiary may merge, and in event of discontinuation of any of the above beneficiaries without merging into any of the above charitable organizations, then said income shall be divided equally among the remaining institutions."

That Item was an amendment to a pre-existing trust agreement. It was prepared in the office of Mr. Camilletti, one of counsel for the defendants, at the instance of the plaintiff, W. J. B. Gibson.

After the death of Mrs. Mahlke, Ervin C. Fuhr and Ruth Fuhr executed a letter of direction, with a letter of transmittal, to the Security Trust Company, Trustee, designating plaintiffs as the persons to whom the confidential obligations were to be paid, and setting forth the amount and rate of payment. The Fuhrs, however, refused to transmit the letters to the Trustee. For a consideration of $5,000, the plaintiff, W. J. B. Gibson, executed a release to the Fuhrs, dated the 23d day of March, 1951, discharging the Fuhrs "of any and all debts, judgments or obligations due me as to this date," and surrendered to the Fuhrs the signed copies of the letter of direction and letter of transmittal. Thereafter, on October 10, 1951, plaintiffs' counsel delivered a photostatic copy of the letter of direction to the Trustee and demanded performance, and such demand was refused.

The plaintiffs seek a declaratory judgment (a) construing the provisions of and determining the respective rights and liabilities of the parties to the amended Trust Agreement of December 13, 1947, the letter of direction, and the release; (b) annulling the release and reinstating the letter of direction; (c) directing the defendant, Security Trust Company, Trustee, to make the payments currently due plaintiffs; (d) determining the total amount to become due plaintiffs under the terms of the trust agreement; (e) directing defendants to pay the costs of this proceeding.

■ At the time of the execution of Item 8, the plaintiff, W. J. B. Gibson, was an employee in the Trust Department of

the defendant trust company and, as such, was acting in a fiduciary capacity toward the settlor, Mrs. Mahlke, and with reference to the trust estate. For sometime before and after the creation of Item 8, the plaintiff, W. J. B. Gibson, had acted as agent of the trust company in the administration of the trust created by Mrs. Mahlke.

It is a fundamental principle of the law of trusts, binding upon all fiduciaries and their agents and employees, that a trustee will not be permitted to traffic in trust property in his own interest or to the benefit of himself or his spouse or other relative. Any transaction involving trust property for the personal benefit of the trustee, or his relatives, is illegal. Nothing in the law is better settled than that a trustee can not be allowed to advantage himself in dealings with the trust estate. 54 Am.Jur., Sec. 313, p. 248; Sec. 314, p. 249.

This principle of law was recognized and followed by the trust company. Its own rules and regulations prohibited any of its agents or employees from taking any advantage from trust property, or from being a beneficiary of a trust estate. The plaintiff, W. J. B. Gibson, was informed of these rules and regulations of the trust company, and was told that he could not be a named beneficiary of a trust being administered by the trust company. It is apparent from the pleadings and the admitted facts that the plaintiff attempted to do indirectly what he could not do directly.

Counsel for the plaintiffs cite authority for the fact that the trustee of a trust can be one of the several beneficiaries of the trust, and that there is no rule that a trust party can occupy only one relationship to the same trust. Such principles may be conceded. What the effect would be if the settlor had expressly named the plaintiffs as beneficiaries, this court need not now decide. If, in such case, the plaintiffs could show fair play in all dealings with Mrs. Mahlke, that substantial services or other legal obligations supported the grant; that the gift had not been solicited or induced by the plaintiff, then acting as a fiduciary; and that the execution of the amendment was the free act and deed of the settlor, out of the presence of the plaintiff; and if all the other requirements of the grant were fulfilled, it might well be enforced.

In this case, however, the grant is indefinite, both as to beneficiary and as to amount, and the only intimation as to the "obligations," referred to in Item 8, is the service rendered by the plaintiff, W. J. B. Gibson, as agent of the trust company in the administration of the estate.

Counsel for plaintiffs contend that there is no showing of fraud, but the whole transaction falls within the spirit and letter of the inhibitions imposed by the basic law of trusts. If the management of trust estates is to continue as a reputable business, the utmost good faith must be exacted of those who act as fiduciaries. No trustee dare place himself in a position where he has interests adverse to those of the trust estate or its beneficiaries. It is clear from the pleadings and exhibits that the plaintiff, W. J. B. Gibson, violated not only this fundamental principle of equity, but also the rules and regulations of his employer.

This court could not order the defendants to do what the plaintiffs say they should in good conscience do, without at the same time approving and giving effect to acts on the part of the plaintiff, W. J. B. Gibson, which in good conscience he should not have done. This court could not grant the prayer of the plaintiffs without compelling the defendant, Security Trust Company, to violate its duties as Trustee and act contrary to its own valid and proper rules and regulations.

Moreover, if the foregoing considerations did not prohibit this court from granting the relief prayed, Item 8 is invalid because of uncertainty as to beneficiary and amount. Because of indefiniteness, it fails as an express trust and the conceded facts and circumstances do not form a basis for a constructive trust. Weaver v. Spurr, 56. W.Va. 95, 48. S.E. 852.

■ The delivery of a photostatic copy of a letter of direction by the attorney for the plaintiff is not a delivery by Ervin C. Fuhr and Ruth Fuhr, as required; Item 8 directs the trustee to expend such amounts "as may be recommended," by the Fuhrs. Such recommendation has not been made to the trustee, and the sole power to recommend was vested in the Fuhrs.

Plaintiffs' Exhibits B and C, the letters of direction and transmittal to the Trustee, were not signed or authenticated by the settlor, Mrs. Mahlke, nor were they in existence at the time that she executed Item 8, nor at the time of her death. In the circumstances, they can not be recognized by the Security Trust Company.

The motion to dismiss is, therefore, sustained on the first ground of the motion.