**GIBSON et al. v. SECURITY TRUST CO. et al.**

No. 6536.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 15, 1953.

Decided Jan. 31, 1953.

Gilbert S. Bachmann, Wheeling, W. Va. (Carl G. Bachmann, Wheeling, W. Va., and Thomas A. Hamilton, Mobile, Ala., on the brief), for appellants.

August W. Petroplus and D. Paul Camilletti, Wheeling, W. Va., for appellee Security Trust Co.

James G. McClure, Wheeling, W. Va. (Frank A. O'Brien, Wheeling, W. Va., on the brief), for appellees Ervin C. Fuhr and Ruth Fuhr.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a summary judgment dismissing an action instituted to obtain a declaratory judgment and enforce the rights of plaintiffs under the terms of a trust instrument. 107 F.Supp. 766. The case was heard upon the allegations of the pleadings and admissions of counsel in the course of a pretrial conference. Plaintiffs contend that they have been denied their day in court and the question presented by the appeal is whether they were entitled to produce evidence to sustain the allegations of their pleadings or whether upon the admitted facts they have no right to recover.

The facts admitted by plaintiffs to be true are that plaintiff W. J. B. Gibson was an employee of the trust department of the defendant Security Trust Company of Wheeling, West Virginia. On May 26, 1947, one Jessie B. Mahlke executed an inter vivos trust agreement designating the Security Trust Company as trustee of her property. On Dec. 13, 1947 she amended this trust agreement by adding item 8, which is as follows:

"Amended Item 8. Upon my death and after the payment of the amounts in Amended Item 7 are duly made, my said Trustee shall continue to hold the residue of said trust fund in trust under the same broad terms and conditions as in said Trust Agreement dated May 26, 1947 made and provided, and the income therefrom shall be paid to Ervin C. Fuhr and Ruth Fuhr, or the survivor, for and during the term of their natural lives.

"My said trustee, in its sole discretion, is hereby vested with complete power and authority to expend such portion or portions of the corpus or principal of the said residue of said trust fund from time to time as in its sole discretion it should deem such corpus expenditures necessary for the proper maintenance, support and comfort of either the said Ervin C. Fuhr or Ruth Fuhr.

"I hereby declare that I have during my lifetime incurred certain obligations in a very confidential manner which will require the expenditure of cash in order to pay and discharge said obligations. Such facts are known to Ervin C. Fuhr and Ruth Fuhr, his wife, in whom I repose complete confidence and trust that said obligations will be fully paid and discharged, and therefore I hereby authorize and direct my Trustee to expend from the income or corpus of the residue of my said trust fund such amounts not exceeding the sum of Twenty-five Hundred Dollars ($2,500.00) in any one calendar year *as may be recommended to my said Trustee by the said Ervin C. Fuhr and Ruth Fuhr, or either of them,* for the payment and discharge of such confidential obligations. A letter of direction signed by the said Ervin C. Fuhr and Ruth Fuhr, or either of them, setting forth said recommendation of payment not exceeding the sum of Twenty-five Hundred Dollars ($2,-500.00) in any one year shall be sufficient authority for my said Trustee to pay said sums to the persons so designated in said letter of direction.

"After the death of both the said Ervin C. Fuhr and Ruth Fuhr, and after the full payment and discharge of said confidential obligations, this trust shall continue and all the income therefrom remaining in said trust fund

shall be paid quarterly to the following charitable institutions: * * * ". (Italics supplied).

W. J. B. Gibson contends that he is the person to whom the obligations were owing which were described in the item as having been incurred in a very confidential manner. Mrs. Mahlke died August 21, 1948 and thereafter the Fuhrs signed a letter of direction together with a letter of transmittal to the Trust Company designating Gibson and his wife and children as the persons to whom payments were to be made under item 8 of the will. Copies of these letters were given to Gibson but the originals were kept by the Fuhrs. On March 1, 1951 Gibson requested the Fuhrs to deliver the letter of direction to the Trustee Bank, but they refused to do so and have never delivered it or otherwise recommended to the trustee that the payments be made. On March 23, 1951 Gibson executed a release to the Fuhrs and surrendered to them the copies of the letters of direction and transmittal which he held. The release was for the sum of $5,000 and recited that $2,500 had been paid in cash and notes given for the remainder. The complaint filed by plaintiffs asked that this release be annulled and that plaintiffs have judgment directing the trustee to make payments to them in accordance with the terms of the letter which had been signed by the Fuhrs and later surrendered to them.

■ We think it clear that upon the admitted facts the action was properly dismissed by the trial judge without the taking of evidence on the matters as to which there is controversy. The plaintiffs manifestly had no interest in the trust estate in the absence of a recommendation by the Fuhrs to the trustee that plaintiffs be paid sums under the quoted provision of item 8 of the trust agreement; and no such recommendation was made. The admitted facts with respect to the signing and withholding of the letter, instead of establishing, effectually negative the making of such recommendation. The Fuhrs after signing the letter did not deliver it to the trustee nor to Gibson to be delivered to the trustee. They gave Gibson merely a copy of what they had signed, retaining the original, which they did not deliver and refused to deliver. It is perfectly clear that neither the delivery of the copy of the letter to Gibson, nor the delivery of the photostatic copy to the trustee by the attorney for plaintiffs at a time when the Fuhrs were refusing to make a recommendation under the amendment to the trust agreement, can be construed as a recommendation by the Fuhrs. What we have, then, is a power in the Fuhrs to create an interest in behalf of plaintiffs under the trust instrument but without the exercise of the power. It is elementary that no interest arises in favor of one claiming under such a power unless it be executed in strict conformity with the terms of the instrument creating it. O'Hara v. O'Hara, 185 Md. 321, 44 A.2d 813, 163 A.L.R. 1444; De Charette v. De Charette, 264 Ky. 525, 94 S.W.2d 1018, 104 A.L.R. 1455; Bentham v. Smith, Cheves, Eq., S.C., 33, 34 Am.Dec. 599, 41 Am.Jur. p. 830.

Having reached the conclusion that there has been no valid exercise of the power contained in the trust instrument in favor of plaintiffs, it is unnecessary for us to consider whether the trial judge should have heard evidence in behalf of plaintiffs to rebut the strong presumption of fraud raised by the creation of a blind trust in favor of one acting at the time in a fiduciary capacity with respect to the property which was the subject of the trust or whether the attempted creation of trust under which plaintiffs' claim should not be held void on the ground of indefiniteness.

■ The summary judgment dismissing the action was properly entered for defendant under rule 56(b), Fed.Rules Civ. Proc., 28 U.S.C.A., when it appeared, on the hearing of the motion made for dismissal under Rule 12(b) (6), that upon the admitted facts plaintiffs were not entitled to relief.

Affirmed.